# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>                              v.<br><br>SHIN HO KANG,<br>        Defendant. | CV 19-4788 DSF<br>CR 18-0325 DSF<br><br>Findings of Fact, Conclusions of Law, and Order DENYING Motion to Vacate, Set Aside, or Correct Sentence; Denial of Certificate of Appealability |

Defendant/Movant Shin Ho Kang pleaded guilty to a single count of conspiracy to commit bank fraud.  Defendant now alleges that his trial counsel, Karine Basmadjian, failed to provide effective assistance of counsel because she incorrectly told Defendant that he would not be deported if he pleaded guilty and was convicted.

## I. Findings of Fact

The Court held an evidentiary hearing on October 30, 2019.  The Court heard testimony from Defendant, Defendant's son, Joseph Kang, Plaintiff's immigration expert, Steve Chang, Defendant's trial counsel, Karine Basmadjian, immigration attorney Ashkhen Ashley Gambourian, and rebuttal witness Katie Lee.  The Court now makes the following findings of fact:

1.  Defendant's testimony is generally not credible.  Most pertinently:

    a.  Defendant's testimony that Basmadjian advised him that he would not be deported if he agreed to the plea agreement is not credible.

    b.  Defendant's testimony that Basmadjian advised him that he would only receive probation is not credible.

    c.  Defendant's testimony that Basmadjian first advised him to consult an immigration attorney on May 11, 2018, is not credible.

    d.  Defendant's testimony that Basmadjian advised him to answer "yes" to all of the Court's questions in the plea colloquy is not credible.

    e.  Defendant's testimony that he would not have pleaded guilty if he had known he would be deported is not credible.

2.  Joseph Kang's testimony is generally not credible.  Most pertinently:

    a.  Kang's testimony that Basmadjian said that Defendant would not be deported is not credible.

    b.  Kang's testimony that Basmadjian did not ask Defendant to meet with an immigration attorney when Kang was present is not credible.

3.  Basmadjian's testimony is credible.  Most pertinently, the Court finds:

    a.  She advised Defendant that he could be, and probably would be, deported.

    b.  She repeatedly advised Defendant to seek assistance from an immigration specialist.

    c. She has had numerous clients who were convicted of aggravated felonies but have not been deported.

4. Basmadjian referred Defendant to Ashkhen Ashley Gabourian, an immigration attorney.

5. Defendant met with Gabourian but did not retain her.

6. Gabourian's testimony that she advised Defendant that his situation was "very bad" and that he would be deported is credible.

7. Basmadjian did not advise Defendant that he would not be deported.

8. Defendant was informed, in writing, that "[his] plea . . . will have immigration consequences . . . ."

9. Basmadjian believed that time was limited because the favorable plea deal offered by the government was due to expire and might not be renewed. In addition:

    a. At the time the plea agreement was entered, the government had not fully documented the loss involved in Defendant's fraud.

    b. The total loss amount could have exceeded $10 million.

    c. Once total losses were documented by the case agent, the USAO would not stipulate to a lower loss amount.

10. At the time of his plea, Defendant would not have rejected the very favorable plea offer and proceeded to trial if Basmadjian had directly and explicitly told him that there was no chance to avoid deportation.

## II. Conclusions of Law

An assertion of ineffective assistance of counsel requires that a petitioner demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional

norms," and (2) petitioner suffered prejudice, which means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 694 (1984).

## A.   Quality of Representation

Given the credible testimony before the Court, the Court finds that Defendant was properly advised of the immigration consequences of his plea and conviction.  Basmadjian acted well-within competent professional standards in advising Defendant that he would probably be deported and urging him to seek more specialized help prior to entering a plea.  To the degree that the process could be viewed as "rushed," Basmadjian acted competently in light of the impending expiration of the favorable plea agreement that Defendant eventually signed.  Basmadjian recognized that several previous non-citizen clients had been convicted of aggravated felonies, yet were not deported due to waivers.  As Gabourian testified, it is challenging to determine whether a felon will be eligible for a waiver and, even if eligible, waiver may be denied on discretionary grounds.  As time was of the essence and Defendant refused to retain an immigration expert, Basmadjian was reasonable not to state that Defendant was certain or virtually certain to be deported because she could not be sure that such advice would have been accurate.

## B.   Prejudice

Even if Basmadjian's representation were to be found deficient, Defendant has not established prejudice from the ineffective assistance. "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Lee v. United States, 137 S. Ct. 1958, 1965 (2017) (internal quotation marks omitted).

First, even if Basmadjian should have, but did not, tell Defendant that he would definitely be deported, Gabourian, an immigration

specialist, credibly testified that she had told Defendant that he would be deported. Therefore, Defendant certainly knew, or had good reason to know, at the time of the plea that he would almost certainly be deported. Nonetheless, he chose to plead guilty.

In this case, the only direct evidence that Defendant would have rejected the plea agreement and proceeded to trial is his current statement to that effect. But "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Lee, 137 S. Ct. at 1967 (2017). Even if a "*post hoc* assertion" could have some value in some cases, in this case Defendant has no credibility given his completely implausible testimony that Basmadjian told him that there would not be immigration consequences of the plea, that he would get a sentence of probation, and that he should answer "yes" to all of the Court's questions regardless of the truth of those answers.

There is also no contemporaneous circumstantial evidence to support Defendant's current position. Basmadjian testified that she had to insist repeatedly that Defendant consult with an immigration lawyer to verify the immigration ramifications of the plea offer. While Defendant was not required to seek such a consultation, his apparent lack of interest in getting a more definitive answer to the immigration impact of the plea strongly suggests that the possibility of removal was not a critical aspect of his decisionmaking. Cf. Lee, 137 S.Ct. at 1967-69 (defendant "repeatedly" asked about deportation and trial attorney agreed that defendant would not have pleaded guilty if he had known he would be deported); United States v. Rodriguez-Vega, 797 F.3d 781, 785 (9th Cir. 2015) (defendant previously rejected plea offer that would have stipulated to removal).

In evaluating whether a defendant would have insisted on going to trial, the chance of conviction is also a relevant factor.

A defendant without any viable defense will be highly
likely to lose at trial. And a defendant facing such long odds
will rarely be able to show prejudice from accepting a guilty
plea that offers him a better resolution than would be likely
after trial. But that is not because the prejudice inquiry in
this context looks to the probability of a conviction for its
own sake. It is instead because defendants obviously weigh
their prospects at trial in deciding whether to accept a plea.
Where a defendant has no plausible chance of an acquittal
at trial, it is highly likely that he will accept a plea if the
Government offers one.

Lee, 137 S. Ct. 1966 (2017) (internal citation omitted).

Defendant would have faced significantly more prison time had he
proceeded to trial instead of accepting the plea and has presented no
indication that he had any viable defense to the charges.

At the time of sentencing, Defendant's Sentencing Guidelines Range
was found to be 46 to 57 months.  This was based on a total offense
level of 22 and a criminal history category of II.  If Defendant had
proceeded to trial and been convicted, he would have certainly had an
offense level three points higher due to a lack of acceptance of
responsibility.  Basmadjian testified that the government was
indicating that the total loss was likely to be more than $10 million,
rather than the $1.5-$3.5 million that was used at sentencing.  This
would have added an additional four points to the offense level.  These
two adjustments alone would have raised Defendant's Guidelines
Range to 97 to 121 months.  In the plea deal, the government also
agreed to dismiss the charge under 18 U.S.C. § 1028A, which would
have resulted in an additional mandatory 24-month consecutive
sentence.  Put together, Defendant would have been facing the distinct
possibility of approximately six extra years of imprisonment had he
rejected the plea agreement, gone to trial, and been convicted.

Defendant's situation at the time of his plea makes it unlikely that
he would have taken the very high risk of trial for a very small chance

of avoiding deportation.  Cf. Lee, 137 S.Ct. at 1969 (defendant could
have rationally chosen to risk an additional "year or two" in custody for
chance to avoid deportation); Rodriguez-Vega, 797 F.3d at 790
(defendant facing total prison term of 10-16 months could have
rationally chosen trial for chance of avoiding deportation).

### III. Conclusion

The Court rejects the factual premises of Defendant's motion.
Basmadjian did not provide ineffective assistance of counsel.  Even if
she did, Defendant has not established any prejudice.  The motion to
vacate, set aside, or correct sentence is DENIED.  A certificate of
appealability should not issue because Defendant has not made a
substantial showing of the denial of a constitutional right, and a
certificate of appealability should be denied.  See 28 U.S.C. § 2253;
Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).


IT IS SO ORDERED.


Date: April 1, 2020

Dale S. Fischer
United States District Judge